

**CV 16 - 00229**

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and the Class*

FILED
CLERK

2016 JAN 15 PM 1:50

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GLEESON, J.

GO, M.J.

---

JUTAMAT RIEDEL and JOHN DOES 1-100,
*on behalf of themselves and others similarly situated,*

        Plaintiffs,

    v.

CALBEE NORTH AMERICA, LLC,

        Defendant.

---

Case No.:

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs, JUTAMAT RIEDEL and JOHN DOES 1-100 (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class Action Complaint against CALBEE NORTH AMERICA, LLC (hereinafter, "CALBEE" or "Defendant"), and state as follows based upon their own personal knowledge and the investigation of their counsel:

## NATURE OF THE ACTION

1. Plaintiffs, JUTAMAT RIEDEL and JOHN DOES 1-100, on behalf of themselves and others similarly situated, by and through their undersigned attorneys, bring this class action against Defendant CALBEE NORTH AMERICA, LLC for the misleading practice of marketing

its Harvest Snaps® food products as simply baked snap peas when they are a combination of powdered snap peas, rice and corn oil among a handful of other ingredients and flavoring agents.

2. This case is about the deceptive manner in which the Defendant marketed its Products (defined below) to the general public during the Class Period.

3. Defendant sold Plaintiffs and Class members, and continue to sell consumers the following 3.3 oz. and 20 oz. family-sized products with misleading packaging, labeling and marketing:

      a. "Harvest Snaps" Snapea Crisps (Original Flavor)
      b. "Harvest Snaps" Snapea Crisps (Caesar Flavor)
      c. "Harvest Snaps" Snapea Crisps (Black Pepper Flavor)
      d. "Harvest Snaps" Snapea Crisps (Wasabi Ranch Flavor)
        (collectively, the "Products").

Such Products are detailed under **EXHIBIT A.**

4. By marketing the Products as baked "green pea crisps," Defendant took wrongful advantage of consumers' increasingly strong preference for foods made entirely of wholesome ingredients. Consumers attribute a wide range of benefits to food products made without extensive processing and perceive these food products to be higher quality, healthier, safer to eat and less damaging to the environment. Defendant profited in this lucrative market for wholesome foods by misleadingly labeling and marketing the Products as "Green Pea Crisps" with an image of a green snap pea crisp on the same vine as a green snap pea and selling them to consumers who sought to purchase products made from ingredients that are healthy and who were willing to pay more for such foods. Defendant's Products, however, are actually produced by combining green snap peas, corn oil, rice, salt, calcium carbonate and Vitamin C (ascorbyl palmitate) into the shape of a snap pea, not by dehydrating or baking snap peas as the image on the front of the packaging would lead a reasonable consumer to believe.

5. Plaintiffs bring this proposed consumer class action on behalf of themselves and all other persons nationwide, who, from the applicable limitations period up to and including the present ("Class Period"), purchased for consumption and not resale any of Defendant's Products.

6. Defendant violated statutes enacted in each of the fifty states and the District of Columbia that are designed to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising. These statutes are:

1) Alabama Deceptive Trade Practices Act, Ala. Statues Ann. §§ 8-19-1, *et seq.;*
2) Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et seq.;*
3) Arizona Consumer Fraud Act, Arizona Revised Statutes, §§ 44-1521, *et seq.;*
4) Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et seq.;*
5) California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.,* and California's Unfair Competition Law, Cal. Bus. & Prof Code § 17200, *et seq.;*
6) Colorado Consumer Protection Act, Colo. Rev. Stat. § 6 - 1-101, *et seq.;*
7) Connecticut Unfair Trade Practices Act, Conn. Gen. Stat § 42-110a, *et seq.;*
8) Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et seq.;*
9) District of Columbia Consumer Protection Procedures Act, D.C. Code § 28 3901, *et seq.;*
10) Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.;*
11) Georgia Fair Business Practices Act, § 10-1-390 *et seq.;*
12) Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statues § 480 1, *et seq.,* and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statutes § 481A-1, *et seq.;*
13) Idaho Consumer Protection Act, Idaho Code § 48-601, *et seq.;*
14) Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.;*
15) Indiana Deceptive Consumer Sales Act, Indiana Code Ann. §§ 24-5-0.5-0.1, *et seq.;*
16) Iowa Consumer Fraud Act, Iowa Code §§ 714.16, *et seq.;*
17) Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et seq.;*
18) Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et seq.,* and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann §§ 365.020, *et seq.;*
19) Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. § § 51:1401, *et seq.;*
20) Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et seq,,* and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et seq.,*
21) Maryland Consumer Protection Act, Md. Com. Law Code § 13-101, *et seq.;*
22) Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A;
23) Michigan Consumer Protection Act, § § 445.901, *et seq.;*
24) Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et seq.;* and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq.;*
25) Mississippi Consumer Protection Act, Miss. Code Ann. §§ 75-24-1, *et seq.;*
26) Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.;*
27) Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code §30-14-101, *et seq.;*

28) Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59 1601, *et seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq.*;
29) Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et seq.*;
30) New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et seq.* ;
31) New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 *1, et seq.*;
32) New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57 12 *1, et seq.*;
33) New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §§ 349, *et seq.*;
34) North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et seq.*;
35) North Carolina Unfair and Deceptive Trade Practices Act, North Carolina General Statutes §§ 75-1, *et seq.*;
36) Ohio Deceptive Trade Practices Act, Ohio Rev. Code. Ann. §§ 4165.01. *et seq.*;
37) Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et seq.*;
38) Oregon Unfair Trade Practices Act, Rev. Stat § 646.605, *et seq.*;
39) Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Penn. Stat. Ann. § § 201-1, *et seq.*;
40) Rhode Island Unfair Trade Practices And Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1, *et seq.*;
41) South Carolina Unfair Trade Practices Act, S.C. Code Laws § 39-5-10, *et seq.*;
42) South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 *1, et seq.*;
43) Tennessee Trade Practices Act, Tennessee Code Annotated §§ 47-25-101, *et seq.*;
44) Texas Stat. Ann. §§ 17.41, *et seq.*, Texas Deceptive Trade Practices Act, *et seq.*;
45) Utah Unfair Practices Act, Utah Code Ann. §§ 13-5-1, *et seq.*;
46) Vermont Consumer Fraud Act, Vt. Stat. Ann. tit.9, § 2451, *et seq.*;
47) Virginia Consumer Protection Act, Virginia Code Ann. §§59.1-196, *et seq.*;
48) Washington Consumer Fraud Act, Wash. Rev, Code § 19.86.010, *et seq.*;
49) West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et seq.*;
50) Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100. 18, *et seq.*;
51) Wyoming Consumer Protection Act, Wyoming Stat. Ann. §§40-12-101, *et seq.*

7. Defendant marketed its Harvest Snaps® Products in a way that is deceptive to consumers under consumer protection laws of all fifty states and the District of Columbia. Defendant has been unjustly enriched as a result of its conduct. For these reasons, Plaintiffs seek the relief set forth herein.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(2).

4

9.  The Court has jurisdiction over the federal claims alleged herein pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

10. The Court has jurisdiction over the state law claims because they form part of the same case or controversy under Article III of the United States Constitution.

11. Alternatively, the Court has jurisdiction over all claims alleged herein pursuant to 28 U.S.C § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

12. The Court has personal jurisdiction over Defendant because its Products are advertised, marketed, distributed, and sold throughout New York State; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States; including in New York State; Defendant is authorized to do business in New York State; and Defendant has sufficient minimum contacts with New York and/or otherwise have intentionally availed themselves of the markets in New York State, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant is engaged in substantial and not isolated activity within New York State.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to these claims occurred in this District, the Defendant has caused harm to class members residing in this District, and the Defendant is a resident of this District under 28 U.S.C. 1391(c)(2) because it is subject to personal jurisdiction in this district.

## PARTIES

### *Plaintiffs*

*14.* Plaintiff JUTAMAT RIEDEL is, and at all times relevant hereto has been, a citizen of the State of New York and resides in Suffolk County. During the Class Period, Plaintiff

RIEDEL purchased the Harvest Snaps® food Products, including the family-sized "Harvest Snaps" Snapea Crisps in the Original flavor, for personal consumption within the State of New York. Plaintiff RIEDEL purchased the Product from Amazon.com. The purchase price was $11.98 (or more) for an individual snap pea Product. Plaintiff RIEDEL purchased the Product at a premium price and was financially injured as a result of Defendant's deceptive conduct as alleged herein. Further, should Plaintiff RIEDEL encounter the Products in the future, she could not rely on the truthfulness of the packaging, absent corrective changes to the packaging. However, Plaintiff RIEDEL would still be willing to purchase the current formulations of the Products, absent the price premium, so long as Defendant engages in corrective advertising.

15. Plaintiff, JOHN DOES 1-100, is a citizen of and resides in the United States and the District of Columbia. Plaintiff JOHN DOES 1-100 was exposed to Defendant's Product packaging, and, in reliance on such packaging, purchased the misrepresented Product(s) for personal consumption in the United States and the District of Columbia. Plaintiff JOHN DOES 1-100 purchased the Product(s) at a premium price and was financially injured as a result of Defendant's deceptive conduct as alleged herein.

*Defendant*

16. Defendant CALBEE NORTH AMERICA, LLC is a corporation organized under the laws of Delaware with its headquarters at 700 South 7th Street, Fargo, North Dakota 58103 and a registered agent for service of process at The Corporation Service Company, 1127 Broadway Street NE STE 210, Salem, Oregon 97301.

17. Defendant develops, markets and sells food products under the "Calbee®" brand name throughout the United States. The advertising for the Products, relied upon by Plaintiffs, was prepared and/or approved by Defendant and its agents, and was disseminated by Defendant

and its agents through advertising containing the misrepresentations alleged herein. The advertising for the Products was designed to encourage consumers to purchase the Products and reasonably misled the reasonable consumer, i.e. Plaintiffs and the Class, into purchasing the Products. Defendant owns, manufactures and distributes the Products, and created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive labeling and advertising for the Products.

## FACTUAL ALLEGATIONS

18. Defendant manufactures, markets, advertises and sells its popular Calbee® "Harvest Snaps" Snapea Crisps line of food products across the United States. The Products are available at major retail locations and online retailers throughout the United States, such as Walmart, Target, Whole Foods, Costco, 7-Eleven and Amazon.com.

19. During a period of time from 1999 to the present, Defendant engaged in a widespread marketing campaign to mislead consumers about the nature of the ingredients in the Products. The images used on the "Harvest Snaps" Snapea Crisps packaging emphasize the naturalness and freshness of the Products, when in fact the Products are not simply baked, puffed green snap pea vegetables as a reasonable consumer would be led to believe based on the packaging, but an amalgamation of powdered, desiccated green snap peas, rice, corn oil and other additional flavoring agents and ingredients formed into the shape of a snap pea. Defendant misleadingly represented that the Products a

20. See below for images of Product packaging:






21. By representing that the Products were baked "green pea crisps," which could be construed as meaning baked, puffed whole green snap peas, Defendant sought to capitalize on consumers' preference for minimally processed Products and the association between such Products and a wholesome way of life. Consumers are willing to pay more for minimally

processed Products because of this association as well as the perceived higher quality, health and safety benefits and low impact on the environment associated with healthy products and the companies that produce them.

22. The packaging of the Products also states that the Products contain "40% less fat," are a "good source of fiber" and contain "low sodium" compared to "regular potato chips." These claims indicate that the Products are much healthier than regular potato chips, but the Products are similarly highly processed in a large-scale manufacturing setting. Makers of regular potato chips, on the other hand, do not make claims about being their chips being healthy. Unlike the Products, regular potato chips are not made of potatoes that have been ground up and reshaped into the shape of a potato to mislead consumers into believing that they are making a healthier choice for themselves.

23. As a result of Defendant's deception, consumers – including Plaintiffs and members of the proposed Class – have purchased misleading Products in reliance on Defendant's packaging and marketing. Moreover, Plaintiffs and Class members have paid a premium for the Products over other similar low fat, low sodium food products sold on the market. A sample of other similar food products are provided below:

| BRAND | PRICE | SELLER |
|---|---|---|
| Lay's Oven Baked Potato Chips (Regular) | $1.09 | CVS |
| Herrs® Baked Potato Chips | $0.99 | Amazon.com |

**The Federal Food, Drug, and Cosmetic Act**

24. The Federal Food, Drug, and Cosmetic Act (hereinafter, "FDCA"), 21 U.S.C. §§ 301 *et. seq.*, governs the sale of foods, drugs, and cosmetics in the United States. The classification of

a product as a food, drug, or cosmetic affects the regulations by which the product must abide. In general, a product is characterized according to its intended use, which may be established, among other ways, by: (a) claims stated on the product's labeling, in advertising, on the Internet, or in other promotional materials; (b) consumer perception established through the product's reputation, for example by asking why the consumer is buying it and what the consumer expects it to do; or (c) the inclusion of ingredients well-known to have therapeutic use, for example fluoride in toothpaste.

25. Food manufacturers must comply with federal and state laws and regulations governing labeling food products. Among these are the Federal Food, Drug and Cosmetic Act and its labeling regulations, including those set forth in 21 C.F.R. part 101.

26. Under the FDCA, the term "false" has its usual meaning of "untruthful," while the term "misleading" is a term of art. Misbranding reaches not only false claims, but also those claims that might be technically true, although still misleading. If any one representation in the labeling is misleading, the entire food is misbranded. No other statement in the labeling cures a misleading statement. "Misleading" is judged in reference to "the ignorant, the unthinking and the credulous who, when making a purchase, do not stop to analyze." *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 75 (9th Cir. 1951). Under the FDCA, it is not necessary to prove that anyone was actually misled. New York law similarly does not require proof of actual reliance. *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 445 (S.D.N.Y. 2005).

27. New York and federal law have placed similar requirements on food companies that are designed to ensure that the claims companies are making about their products to consumers are truthful and accurate.

28. Defendant's labeling and advertising of the Products violate various state laws against misbranding. New York State law broadly prohibits the misbranding of food in language identical to that found in regulations promulgated pursuant to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*:

> *Pursuant to N.Y. State Education Law § 6815, "[f]ood shall be deemed to be misbranded: 1. If its labeling is false or misleading in any particular…"*

29. Defendant's Products were misbranded under New York law because they misled Plaintiff and Class members about the nature and wholesomeness of the Products.

30. As the Defendant marketed the Products as simply baked snap pea crisps and deliberately chose a misleading image for their packaging, they failed to also disclose material information about the Products. This non-disclosure, while at the same time branding the Products as baked snap pea crisps was deceptive and likely to mislead a reasonable consumer. A representation that a product is wholesome, minimally processed and healthier than competitor products is material to a reasonable consumer when deciding to purchase a product.

31. Plaintiffs did, and a reasonable consumer would, attach importance to whether Defendant's Products are "misbranded," i.e., not legally salable, or capable of legal possession, and/or contain highly processed ingredients.

32. Plaintiffs did not know, and had no reason to know, that the Products were not baked, puffed whole snap peas as indicated on the Products' packaging, labeling and marketing.

33. Defendant's Product packaging, labeling and marketing as alleged herein is deceptive and misleading and was designed to increase sales of the Products. Defendant's misrepresentations are part of their systematic Product packaging practice.

34. At the point of sale, Plaintiffs and Class members did not know, and had no reason to know, that the Products were misbranded as set forth herein, and would not have bought the Products had they known the truth about them.

35. Defendant's false and deceptive labeling is misleading and in violation of FDA and consumer protection laws of each of the fifty states and the District of Columbia, and the Products at issue are misbranded as a matter of law. Misbranded products cannot be legally manufactured, advertised, distributed, held or sold in the United States. Plaintiffs and Class members would not have bought the Products had they known they were misbranded and illegal to sell or possess.

36. As a result of Defendant's misrepresentations, Plaintiffs and thousands of others throughout the United States purchased the Products.

37. Plaintiffs and the Class (defined below) have been damaged by Defendant's deceptive and unfair conduct in that they purchased Products with false and deceptive labeling and paid premium prices they otherwise would not have paid over other comparable products that did not claim to be "Natural" or "All Natural" and/or contain "No Preservatives."

## CLASS ACTION ALLEGATIONS

### The Nationwide Class

38. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All persons or entities in the United States who made retail purchases of the Products during the applicable limitations period, and/or such subclasses as the Court may deem appropriate.

*The New York Class*

39. Plaintiff RIEDEL seeks to represent a class consisting of the following subclass (the "New York Class"):

> All New York residents who made retail purchases of Products during the applicable limitations period, and/or such subclasses as the Court may deem appropriate.

The proposed Classes exclude current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

40. Plaintiffs reserve the right to revise the Class definition based on facts learned in the course of litigating this matter.

41. This action is proper for class treatment under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class members are unknown to Plaintiffs at this time, Plaintiffs are informed and believe that there are thousands of Class members. Thus, the Class is so numerous that individual joinder of all Class members is impracticable.

42. Questions of law and fact arise from Defendant's conduct described herein. Such questions are common to all Class members and predominate over any questions affecting only individual Class members and include:

> a. whether labeling Products as baked, puffed whole green snap peas was false and misleading;

b.  whether Defendant engaged in a marketing practice intended to deceive consumers by packaging, labeling and marketing the Products as simply baked, puffed whole green snap peas was false and misleading;

c.  whether Defendant deprived Plaintiffs and the Class of the benefit of the bargain because the Products purchased were different than what Defendant warranted;

d.  whether Defendant deprived Plaintiffs and the Class of the benefit of the bargain because the Products they purchased had less value than what was represented by Defendant;

e.  whether Defendant caused Plaintiffs and the Class to purchase a substance that was other than what was represented by Defendant;

f.  whether Defendant caused Plaintiffs and the Class to purchase Products that were artificial, synthetic, or otherwise unnatural;

g.  whether Defendant has been unjustly enriched at the expense of Plaintiffs and other Class members by its misconduct;

h.  whether Defendant must disgorge any and all profits it has made as a result of its misconduct; and

i.  whether Defendant should be barred from marketing the Products as baked, puffed whole green snap peas.

43. Plaintiffs' claims are typical of those of the Class members because Plaintiffs and the other Class members sustained damages arising out of the same wrongful conduct, as detailed herein.  Plaintiffs purchased Defendant's Products and sustained similar injuries arising out of Defendant's conduct in violation of New York State law. Defendant's unlawful, unfair and fraudulent actions concern the same business practices described herein irrespective of where

14

they occurred or were experienced. The injuries of the Class were caused directly by Defendant's wrongful misconduct. In addition, the factual underpinning of Defendant's misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

44. Plaintiffs will fairly and adequately represent and pursue the interests of the Class and have retained competent counsel experienced in prosecuting nationwide class actions. Plaintiffs understand the nature of their claims herein, have no disqualifying conditions, and will vigorously represent the interests of the Class. Neither Plaintiffs nor Plaintiffs' counsel have any interests that conflict with or are antagonistic to the interests of the Class. Plaintiffs have retained highly competent and experienced class action attorneys to represent their interests and those of the Class. Plaintiffs and Plaintiffs' counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and counsel are aware of their fiduciary responsibilities to the Class and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by any individual class member are too small to make it economically feasible for an individual class member to prosecute a separate action, and it is desirable for judicial efficiency to concentrate the litigation of the claims in this forum. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

46. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

47. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

48. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all members of the Class, although certain Class members are not parties to such actions.

49. Defendant's conduct is generally applicable to the Class as a whole and Plaintiffs seek, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

### COUNT I

### INJUNCTION FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349 (DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)

50. Plaintiff RIEDEL realleges and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows:

51. Plaintiff RIEDEL brings this claim on behalf of herself and the other members of the Class for an injunction for violations of New York's Deceptive Acts or Practices Law, Gen. Bus. Law § 349 ("NY GBL").

52. NY GBL § 349 provides that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful."

53. Under the § 349, it is not necessary to prove justifiable reliance. ("To the extent that the Appellate Division order imposed a reliance requirement on General Business Law [§] 349 … claims, it was error.  Justifiable reliance by the plaintiff is not an element of the statutory claim." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. App. Div. 2012) (internal citations omitted)).

54. Any person who has been injured by reason of any violation of the NY GBL may bring an action in their own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

55. The practices employed by Defendant, whereby Defendant advertised, promoted, and marketed that their Products as baked, puffed whole green snap peas were unfair, deceptive, and misleading and are in violation of the NY GBL § 349.

56. The foregoing deceptive acts and practices were directed at customers.

57. Defendant should be enjoined from marketing its products as baked, puffed whole green snap peas as described above pursuant to NY GBL § 349.

58. Plaintiff RIEDEL, on behalf of herself and all others similarly situated, respectfully demands a judgment enjoining Defendant's conduct, awarding costs of this proceeding and attorneys' fees, as provided by NY GBL, and such other relief as this Court deems just and proper.

## COUNT II

## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349
## (DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)

59. Plaintiff RIEDEL realleges and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows:

60. Plaintiff RIEDEL brings this claim on behalf of herself and the other members of the Class for violations of NY GBL § 349.

61. Defendant's business act and practices and/or omissions alleged herein constitute deceptive acts or practices under NY GBL § 349, which were enacted to protect the consuming public from those who engage in unconscionable, deceptive or unfair acts or practices in the conduct of any business, trade or commerce.

62. The practices of Defendant described throughout this Complaint, were specifically directed to consumers and violate the NY GBL § 349 for, *inter alia*, one or more of the following reasons:

    a. Defendant engaged in deceptive, unfair and unconscionable commercial practices in failing to reveal material facts and information about the Products, which did, or tended to, mislead Plaintiff and the Class about facts that could not reasonably be known by them;

    b. Defendant knowingly and falsely represented and advertised that the Products are baked, puffed whole green snap peas, even though they are not;

    c.   Defendant failed to reveal facts that were material to the transactions in light of representations of fact made in a positive manner;

    d.   Defendant caused Plaintiff and the Class to suffer a probability of confusion and a misunderstanding of legal rights, obligations and/or remedies by and through its conduct;

    e.   Defendant failed to reveal material facts to Plaintiffs and the Class with the intent that Plaintiff and the Class members rely upon the omission;

    f.   Defendant made material representations and statements of fact to Plaintiffs and the Class that resulted in Plaintiff and the Class reasonably believing the represented or suggested state of affairs to be other than what they actually were; and

    g.   Defendant intended that Plaintiff and the members of the Class rely on its misrepresentations and omissions, so that Plaintiff and Class members would purchase the Products.

63. The practices employed by Defendant, whereby Defendant advertised, promoted, and marketed that its Products as baked, puffed whole green snap peas were unfair, deceptive, and misleading and are in violation of NY GBL § 349.

64. Under all of the circumstances, Defendant's conduct in employing these unfair and deceptive trade practices was malicious, willful, wanton and outrageous such as to shock the conscience of the community and warrant the imposition of punitive damages.

65. Defendant's actions impact the public interest because Plaintiff RIEDEL and members of the Class were injured in exactly the same way as thousands of others purchasing the Product as a result of and pursuant to Defendant's generalized course of deception.

66. By committing the acts alleged in this Complaint, Defendant has misled Plaintiff RIEDEL and the Class into purchasing the Products, in part or in whole, due to an erroneous belief that the Products are baked, puffed whole green snap peas. This is a deceptive business practice that violates NY GBL § 349.

67. Defendant's packaging, labeling and marketing misled Plaintiffs, and are likely in the future to mislead reasonable consumers. Had Plaintiff RIEDEL and members of the Class known of the true facts about the Products, they would not have purchased the Products and/or paid substantially less for similar products.

68. The foregoing deceptive acts, omissions and practices were directed at consumers.

69. The foregoing deceptive acts, omissions and practices set forth in connection with Defendant's violations of NY GBL § 349 proximately caused Plaintiff RIEDEL and other members of the Class to suffer actual damages in the form of, inter alia, monies spent to purchase the Products. Plaintiff RIEDEL and other members of the Class are entitled to recover such damages, together with equitable and declaratory relief, appropriate damages, including punitive damages, attorneys' fees and costs.

## COUNT III

### NEGLIGENT MISREPRESENTATION
### (All States)

70. Plaintiffs reallege and incorporate by reference the allegations contained in all preceding paragraphs and further allege as follows:

71. Defendant, directly or through its agents and employees, made false representations, concealments, and nondisclosures to Plaintiffs and members of the Class.

72. In making the representations of fact to Plaintiffs and members of the Class described herein, Defendant has failed to fulfill its duties to disclose the material facts set forth

20

above. The direct and proximate cause of this failure to disclose was Defendant's negligence and carelessness.

73. Defendant, in making the misrepresentations and omissions, and in doing the acts alleged above, knew or reasonably should have known that the representations were not true. Defendant made and intended the misrepresentations to induce the reliance of Plaintiffs and members of the Class.

74. Plaintiffs and members of the Class relied upon these false representations and nondisclosures by Defendant when purchasing the Products, which reliance was justified and reasonably foreseeable.

75. As a result of Defendant's wrongful conduct, Plaintiffs and members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

**COUNT IV**

**UNJUST ENRICHMENT**
**(All States)**

76. Plaintiffs reallege and incorporate by reference the allegations contained in all preceding paragraphs and further allege as follows:

77. Defendant received certain monies as a result of its uniform deceptive marketing of the Products that are excessive and unreasonable.

78. Plaintiffs and the Class conferred a benefit on Defendant through purchasing the Products, and Defendant has knowledge of this benefit and has voluntarily accepted and retained the benefits conferred on them.

79. Defendant will be unjustly enriched if it is allowed to retain such funds, and each Class member is entitled to an amount equal to the amount they enriched Defendant and for which Defendant has been unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated, seek judgment against Defendant, as follows:

a. An Order that this action be maintained as a class action and appointing Plaintiffs as representatives of the Nationwide Class and/or their respective state Class;

b. An Order appointing the undersigned attorney as class counsel in this action;

c. Restitution and disgorgement of all amounts obtained by Defendant as a result of their misconduct, together with interest thereon from the date of payment, to the victims of such violations;

d. All recoverable compensatory and other damages sustained by Plaintiffs and the Class;

e. Actual and/or statutory damages for injuries suffered by Plaintiffs and the Class and in the maximum amount permitted by applicable law;

f. An order (i) requiring Defendant to immediately cease its wrongful conduct as set forth in this Complaint; (ii) enjoining Defendant from continuing to misrepresent and conceal material information and conduct business via the unlawful, unfair and deceptive business acts and practices complained of herein; (iii) ordering Defendant to engage in a corrective advertising campaign; and (iv) requiring Defendant to reimburse Plaintiffs and all members of the Class the amounts paid for the Products;

g.   Statutory pre-judgment and post-judgment interest on any amounts;

h.   Payment of reasonable attorneys' fees and costs; and

i.   Such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situates, demand a trial by jury on all questions of fact raised by the Complaint.

Dated: January 15, 2016

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and the Class*

By: _____
C.K. Lee

# EXHIBIT A

**TABLE OF CONTENTS**

"Harvest Snaps" Snapea Crisps (Original Flavor)........................................................................ 3
"Harvest Snaps" Snapea Crisps (Caesar Flavor) ....................................................................... 4
"Harvest Snaps" Snapea Crisps (Black Pepper Flavor)............................................................. 5
"Harvest Snaps" Snapea Crisps (Wasabi Ranch Flavor)........................................................... 6

"Harvest Snaps" Snapea Crisps (Original Flavor)



"Harvest Snaps" Snapea Crisps (Caesar Flavor)



"Harvest Snaps" Snapea Crisps (Black Pepper Flavor)



"Harvest Snaps" Snapea Crisps (Wasabi Ranch Flavor)

